### DAVEY *et al. v.* LOHRMANN.

(*City Court of New York, General Term.*   June 19, 1891.)

1. EVIDENCE—ADMISSIONS—OFFER TO COMPROMISE.
    Evidence that pending the action defendant offered to pay a certain sum in settlement of the dispute is not admissible.

2. SAME—RECORDS—AUTHENTICATION.
    It is error to admit in evidence for the purpose of affecting defendant's credibility a paper described by counsel offering it as the record of the conviction of defendant of larceny, unless the genuineness of the record is established by competent evidence.

Appeal from trial term.

Action by Fred W. Davey and others against Ernst A. Lohrmann.   From a judgment entered on a verdict for plaintiffs, defendant appeals.

Argued before EHRLICH, C. J., and MCGOWN and MCCARTHY, JJ.

*Uriah W. Tompkins,* for appellant.   *J. George Flammer,* for respondents.

McGOWN, J.   The action was commenced by plaintiffs to recover from defendant the sum of $275, the reasonable worth of 50 cases of eggs containing 1,500 dozen at 20 cents per dozen, the reasonable worth thereof, sold by plaintiffs to defendant.   The complaint alleges the sale and delivery thereof on the 27th day of December, 1889, and that the defendant agreed to pay the reasonable worth thereof.   The defendant in his answer admits ordering 25 cases of eggs at 20 cents per dozen; the receipt of a portion of said 25 cases, of which a part thereof he alleges was unmerchantable and worthless; that defendant, before the commencement of the action, tendered to the plaintiffs the sum of $98.80, the amount due for the merchantable eggs delivered; that plaintiffs had refused to receive the same, and that defendant had paid that amount into court.   After the closing of the testimony the case was submitted to the jury under the charge of the trial justice, and the jury rendered a verdict in favor of the plaintiffs for the sum of $218.65.   After the plaintiffs had introduced evidence and rested their case the defendant was examined as a witness on his own behalf, and upon his cross-examination by plaintiffs' attorney testified that after the suit was commenced he had called upon the plaintiffs. The following question was then asked him:  "*Question*. And you offered to pay them $40 in addition to the sum of $98.80, did you not?   (Defendant's counsel objected as a matter of settlement between the parties.)   *The Court*.

I think the law only applies to offers made as provided by the Code. If it is made voluntarily, it may be considered as an admission against interest. *Defendant's Counsel.* I object to it as incompetent and immaterial, and on the ground, further, that it was after the commencement of the action, and that any efforts to settle a disputed claim after the commencement of an action cannot be considered as an admission against the party seeking to make the settlement, and I take an exception." The exception was well taken, and the admission of the evidence was clearly erroneous, as such evidence would undoubtedly have the effect of influencing the jury in the rendition of their verdict. The defendant had a perfect right to buy his peace by endeavoring to settle the suit, and thus save himself the loss of time and expense of defending, and the admission of the evidence was clearly improper.

At folio 69 of the case the following occurred: "*By Plaintiffs' Counsel. Question.* Were you tried in the court of general sessions on February 9th, 1877, upon a charge against you of grand larceny? (Defendant's counsel objects as incompetent and immaterial.) *Plaintiffs' Counsel.* I merely wish, to identify it. I have the record of convictions here. (Admitted. Defendant excepts.) *Answer.* Yes, sir. *Plaintiffs' Counsel.* I offer in evidence the conviction. *Defendant's Counsel.* I object to the paper. It is not explained, and it is not shown from whence it came. There is no proof of what the paper is, or from whence it came, or whether it be a record of the court or not. (Admitted. Defendant excepts. Marked 'Plaintiffs' Exhibit A.')" The admission of the paper was clearly erroneous. No proof was offered to show that it was a record of the court of general sessions, or that it was produced from the files of the court. The mere statement of counsel that "he had the record of conviction in court" was not evidence. Before the record of a court can be admitted in evidence the law requires certain proof of its genuineness. No such proof was offered. The paper was offered generally without any restrictions, and even had it been properly proved it could not be offered generally, but only for the purpose of discrediting the witness. *Rosenberg* v. *Salvatore,* 1 N. Y. Supp. 327, 328. The improper admission of such record would beyond doubt affect the minds of the jury in determining upon the credibility of the defendant. The ruling of the trial justice upon the admission of the testimony above referred to being erroneous, and the exceptions being well taken, it is not necessary to pass upon the other exceptions taken by defendant upon the trial, and the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.